UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBBIE DEVINE,

    Plaintiff,

v.                                             CASE NO: 8:05-cv-982-T-23TBM

PRISON HEALTH SERVICES, INC., et al,

    Defendant.
_____/

**ORDER**

The plaintiff moves (Doc. 5) to remand for lack of federal jurisdiction and argues that, because the complaint alleges no "federal question," the defendant improperly removed the action. The defendant counters that removal is proper because the plaintiff's claim for "overtime" compensation implicates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1), which completely pre-empts state law and compels removal. Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987) ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."). However, removal based on subject matter jurisdiction is proper only when a federal question appears on the face of the complaint. Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826 (2002) (holding that the "well-pleaded complaint rule" governs whether a case arises under federal jurisdiction).

The complaint asserts six state claims: violation of the Florida Whistleblower's Act, defamation, wrongful discharge, accrued but unpaid wages, intentional and negligent infliction of emotional distress, and "false light invasion of privacy." Although the defendant argues that the FLSA governs a claim for overtime and pre-empts the plaintiff's claim for "accrued but unpaid wages," the plaintiff and the defendant interpret the word "overtime" differently. The FLSA dictates that an employee is entitled to overtime wages for work that exceeds forty hours. However, the complaint alleges that the plaintiff was uncompensated for work beyond her ten-hour per week employment schedule, a matter of no concern to the FLSA. Merely employing the word "overtime" in a complaint raises no federal question unless the "overtime" compensates work in excess of forty hours, entitling the employee to premium pay required by the FLSA.

The defendant further states that removal is proper based on diversity jurisdiction and argues (Doc. 10) that the plaintiff fraudulently joined non-diverse individuals.[1] The defendant does not satisfy the "heavy" burden to sustain a claim for fraudulent joinder. Montgomery & Larmoyeux v. Philip Morris, Inc., 992 F. Supp. 1372, 1374 (S.D. Fla. 1998) ("If there is even a *possibility* that a state court would find that the complaint states a cause of action against the resident defendant, the federal court *must* find that joinder was proper and remand the case to state court." [emphasis in original]); see

---

[1]Notwithstanding the defendant's failure to demonstrate fraudulent joinder, the defendant does not show that the amount in controversy exceeds $75,000.00 and, accordingly, fails to meet the burden to establish diversity jurisdiction. Williams v. Best Buy Co.,Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) ("the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.").

also Tran v. Waste Management, Inc., 290 F. Supp. 2d 1286, 1292 (M.D. Fla. 2003) (setting forth three situations in which joinder may be fraudulent).

Accordingly, the defendant fails to establish a basis for federal jurisdiction and this action is **REMANDED** pursuant to 28 U.S.C. § 1447(c). Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1986) ("On a motion to remand, the removing party bears the burden of establishing jurisdiction."). The Clerk is directed to (1) mail a certified copy of this order to the Clerk of the Circuit Court for Hillsborough County, (2) terminate any pending motion, and (3) close the case.

The plaintiff's request for attorney fees and costs incurred as a result of removal is **GRANTED**. 28 U.S.C. § 1447(c); see also Tran v. Waste Management, Inc., 290 F. Supp. 2d at 1295 (M.D. Fla. 2003) ("In the Middle District of Florida, where subject matter jurisdiction is lacking, 'a showing of bad faith is not necessary as a predicate to the award of attorney's fees [under 28 U.S.C. 1447(c)].' Rather, the 'intent of the statute is to reimburse plaintiffs who have incurred expenses in attacking *improper removals*.'"[emphasis in original]). The court will retain jurisdiction for the limited purpose of determining the amount of "costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The parties are directed to confer in a good faith effort to resolve, without the assistance of the court, the issue of costs and attorney fees. If the parties fail to agree, the plaintiff may submit on or before August 12, 2005, a motion, pursuant to Rule 54(d)(2)(B), Federal Rules of Civil Procedure, requesting attorney fees and costs and including

documentation evidencing attorney fees and costs expended in connection with defeating removal.

ORDERED in Tampa, Florida, on July 15, 2005.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc: US Magistrate Judge
    Courtroom Deputy