**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DEBBIE DEVINE,**

    **Plaintiff,**

**v.**                                                            **Case No. 8:05-cv-982-T-23TBM**

**PRISON HEALTH SERVICES, INC.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on referral by the Honorable Steven D. Merryday for a Report and Recommendation on **Plaintiff's Motion for Attorney's Fees Pursuant to Court Order** (Doc. 18), as supplemented (Doc. 24). By her motion, Plaintiff seeks an award of attorney's fees in the amount of $3,156.00 in relation to improper removal by defendants. Defendants filed a response in opposition (Doc. 19).

On May 24, 2005, Defendants removed the instant action to this court. See (Doc. 1). Subsequently, Plaintiff filed an Amended Complaint (Doc. 3) and a motion to remand the action back to state court (Doc. 5). During the pendency of the motion to remand, Defendants John Mubang, M.D., and Scott Kennedy, M.D., filed a motion to dismiss and/or drop them as defendants based in part on fraudulent joinder. See (Doc. 9).

On July 7, 2005, this court entered an Order (Doc. 17) remanding this action pursuant to 28 U.S.C. § 1447(c) based on a finding that the Defendants failed to establish a basis for federal jurisdiction and failed to sustain a claim for fraudulent joinder. The court

further granted Plaintiff's request for fees and costs incurred as a result of removal and retained jurisdiction for the limited purpose of determining the amount of "costs and any actual expenses, including attorney fees, incurred as a result of the removal." Id. at 3 (quoting 28 U.S.C. § 1447(c)).  The court further directed the parties to confer in a good faith effort to resolve the issues of costs and fees, failing which the Plaintiff could submit a motion for fees and costs "including documentation evidencing attorney fees and costs expended in connection with defeating removal." Id. at 3-4.

By the instant motion, Plaintiff seeks the award of $3,284.00 based on based on 3.6 hours of work performed by David Israel at a rate of $250 per hour and 14.90 hours of work performed by Elizabeth Fite at a rate of $160 per hour.[1]  Plaintiff argues that the amount requested was reasonably incurred to research and draft her motion to remand, responses to Defendants' removal documents, and response to Defendants' pleadings concerning fraudulent joinder.

While Defendants do not object to the hourly rates charged, Defendants object to several specific entries that they argue are unrelated to the Motion for Remand and therefore not compensable.  In particular, Defendants object to the entries dated 05/26/05 (4.7 hours)[2]

---

[1] Plaintiff supplemented her motion to reflect an adjustment of the 05/26/05 entry by 50 minutes or $128. See (Doc. 24 at 1-2).

[2] The entry states, "Draft Amended Complaint; Review and analysis of Removal documents filed by defendants; lengthy telephone discussion with opposing counsel regarding potential settlement, removal grounds, motion to remand, and individual defendants; file Amended Complaint; draft letter to opposing counsel concerning plaintiff's accrued but unpaid wages claim."

2

and 05/27/05 (.3 hours),[3] because only a portion of the work related to removal. As for the entries for 6/17/05 (.4 hours), 6/18/05 (1.1 hours), 6/20/05 (1.6 hours), 6/21/05 (4.3 hours), 6/23/05 (1.4 hours), and 6/28/05 (.25 hours),[4] Defendants maintain the entries have nothing to do with the motion for remand.

Upon consideration, even with Plaintiff's supplemental adjustment of the 05/26/05 entry for the drafting and filing of the Amended Complaint and correspondence to counsel regarding Plaintiff's unpaid wages claim, the court agrees that communications with opposing counsel concerning settlement and analysis of settlement status are not compensable under this court's prior order awarding fees. Similarly, the work on 05/27/05 related to settlement and research on individual liability are not compensable. Therefore, the original entries for 05/26/05 and 05/27/05 are reduced by one-half to 2.35 hours and .15 hours, respectively, for a total of $400. The claim for work on 6/28/05 (.25 hours), or $62.50, is denied in full.

Insofar as the entries of 06/17/05, 06/18/05, 06/20/05, 06/21/05, and 06/23/05 relate to Plaintiff's opposition to Defendants' motion to dismiss the individual defendants, the court agrees that such work was related to the Motion to Remand and is therefore compensable. Upon my review, Defendants' motion to dismiss Defendants John Mubang, M.D., and Scott Kennedy, M.D. (Doc. 9) raises several bases for dismissal, including fraudulent joinder of these individuals to defeat diversity. Plaintiff's arguments in her responsive pleading (Doc.

---

[3]The entry reads, "Further analysis of Removal Documents and correspondence with opposing counsel regarding potential settlement; begin researching propriety of individuals as defendants."

[4]The work between 06/17/05 and 06/23/05 related to Plaintiff's response to the motions to dismiss; the entry for 06/28/05 related to settlement, review of pending motions, and confirming responses were filed.

14) address this issue in the context of Defendants' improper removal to federal court. Moreover, in its Order (Doc. 17) remanding this action to state court and awarding Plaintiff fees associated with the improper removal, this court specifically addressed and rejected the claim of fraudulent joinder raised by Defendants in support of the removal of this action. See id. at 2-3.

Accordingly, it is RECOMMENDED that the court GRANT IN PART Plaintiff's Motion for Attorney's Fees Pursuant to Court Order (Doc. 18) and award Plaintiff $2,821.50 in fees. In all other respects, the motion should be denied.

Respectfully submitted on this
10th day of March 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; see also Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable Steven D. Merryday, United States District Judge
Counsel of Record