UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBBIE DEVINE,

    Plaintiff,

v.                                                  CASE NO: 8:05-cv-982-T-23TBM

PRISON HEALTH SERVICES, INC., et al,

    Defendants.
_____/

**ORDER**

Prison Health Services, Inc., ("PHS") moves (Doc. 28) for reconsideration of an order granting the plaintiff's motion for the attorney's fees and costs incurred defeating removal. PHS argues that Martin v. Franklin Capital Corp., 126 S.Ct. 704, 711 (2005), an intervening Supreme Court decision, prohibits a presumptive award of attorney's fees on remand. PHS argues that because a reasonable basis existed for removal the award of attorney's fees was improper. However, the order remanding this action relies on Tran v. Waste Management, Inc., 290 F.Supp.2d 1286 (M.D. Fla. 2003), which in the exercise of discretion and not by the force of presumption awards attorney's fees because removal was "patently improper" and because the defendant demonstrated no reasonable basis for removal. Devine's complaint in this action asserts no federal question and PHS fails to provide a reasonable argument in support of diversity jurisdiction (or the decisive issue of fraudulent joinder). Accordingly and as stated in the order remanding this action and awarding attorney's fees and costs, PHS demonstrates

no objectively reasonable basis for removal.  Martin v. Franklin Capital Corp., 126 S.Ct. 704, 711 (2005) (explaining that "the standard for awarding fees should turn on the reasonableness of the removal").  Accordingly, the motion (Doc. 28) for reconsideration is **DENIED**.  Further, the plaintiff's request for additional attorney's fees is **DENIED**.

ORDERED in Tampa, Florida, on June 26, 2006.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   US Magistrate Judge
      Courtroom Deputy